**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 26 2014, 9:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SCOTT RICHARDSON**
Office of Scott Richardson
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**LEAH R. BURRIS**
Zionsville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| L.P. RICHARDSON, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1309-PL-826 |
| | ) | |
| ERIC ARMSTRONG, JONATHON | ) | |
| POSTELL, TYRONE POSTELL, | ) | |
| LAMBERT BARNES, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge
Cause No. 49D07-1205-PL-21783

**June 26, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

The appellant-plaintiff landlord, L.P. Richardson, claims that the trial court improperly decided this case with regard to the appellee-defendants Jonathon Postell, Tyrone Postell, and Lambert Barnes because they originally failed to appear in the small claims action that was initially filed against the remaining defendant, Eric Armstrong (hereinafter, all defendants are collectively referred to as "Armstrong").

Richardson sought to retain Armstrong's security deposit and recover non-physical damages to the property. However, after the small claims case was appealed to the trial court, it was ultimately determined that Richardson failed to give adequate notice under the relevant statute regarding his intent to keep the security deposit proceeds and that he did not provide the required notice to recover various non-physical damages to the property, such as failing to cut the grass.

Nonetheless, Richardson argues that his failure to provide Armstrong with an itemized list of damages to the property did not preclude him from recovering damages for certain non-physical damages to the property. Finally, Richardson asserts that the trial court erred in awarding attorney fees to Armstrong.

Concluding that the trial court properly heard the case, that Richardson had filed his claims against all of the named defendants, and finding no other error, we affirm the judgment in Armstrong's favor.

### FACTS

On November 10, 2010, Richardson entered into a rental agreement with Armstrong for the lease of a residence on Ruckle Street in Indianapolis. The lease

2

agreement provided for an eight-month term at a rate of $1525 per month. Armstrong paid Richardson one month's rent as a security deposit.

On June 23, 2011, Richardson filed a claim against Armstrong in the Marion County Center Township Small Claims Court seeking damages and eviction for violating the lease agreement, including several unauthorized changes to the inside of the dwelling. Thereafter, on July 21, 2011, the small claims court denied Richardson's request for eviction and set the matter for a damages hearing. Armstrong vacated the premises on July 31, 2011 and subsequently filed a counterclaim for the return of the security deposit. The court conducted a damages hearing on December 21, 2011, and the small claims court awarded Richardson $2165.[1] Richardson was to retain the security deposit, thus leaving a balance of $640.

On May 2, 2012, Richardson garnished Armstrong's bank account in the amount of $2165, which was $1525 in excess of the amount awarded to him by the small claims court. On May 23, 2012, Armstrong filed a notice of appeal with the small claims court, and the case was transferred to the trial court. On June 13, 2012, the trial court ordered Richardson to replead his case in its entirety.

On July 3, 2012, Richardson filed his complaint in the trial court against Armstrong and requested the trial court to find the defendants in breach of contract and award damages against them. Richardson also claimed that he was entitled to attorney

---

[1] This figure was the result of the calculation in the amount of $1414 for damages, and $750 for attorney fees.

3

fees. On July 19, 2013, the trial court conducted a bench trial, and Richardson presented his case in its entirety and rested.

At some point, Armstrong requested a judgment on the evidence based on Richardson's failure to present any evidence that a written itemized notice was sent to them as required by Indiana Code section 32-31-3-14 (security deposit statute).[2] The trial court ultimately denied Armstrong's motion for the return of the security deposit and attorney fees. Richardson requested to reopen his case to present evidence of the damages that Armstrong had committed on the property, which the trial court also denied. The trial court also did not take judicial notice of the document from the small claims case. As a result, the trial court dismissed Richardson's complaint for breach of the lease agreement.

On September 12, 2013, the trial court granted Armstrong's motion to reconsider the denial of the return of the security deposit and award of attorney fees. Thereafter, the

---

[2] Not more than forty-five (45) days after the termination of occupancy, a landlord shall mail to a tenant an itemized list of damages claimed for which the security deposit may be used under section 13 of this chapter. The list must set forth:

(1) the estimated cost of repair for each damaged item; and

(2) the amounts and lease on which the landlord intends to assess the tenant.

The landlord shall include with the list a check or money order for the difference between the damages claimed and the amount of the security deposit held by the landlord.

I.C. § 32-31-3-14.

4

trial court entered judgment in the amount of $12,670 in Armstrong's favor.[3] Richardson now appeals.

## I. Standard of Review

We initially observe that where, as here, a party had the burden of proof and appeals from a negative judgment, he or she must show that the evidence points unerringly to a conclusion different from that reached by the trier of fact, or that the judgment is contrary to law. Wilder-Newland v. Kessinger, 967 N.E.2d 558, 560 (Ind. Ct. App. 2012), trans. denied. "This means that even if we might have taken a different course of action than that which a trial court took, we are bound to review the order, and findings and conclusions for clear error only." Id.

## II. Richardson's Contentions

## A. Judgment as to All Defendants

Richardson contends that it was only Armstrong who properly appeared in this action because he was the defendant who filed the notice of appeal. Therefore, Richardson maintains that the judgment against the Postells and Barnes should not have been reversed and the original judgment should stand because the Postells and Barnes did not appear pro se or by representation of counsel, or join in the appeal in the subsequent proceedings.

---

[3] In accordance with the motion to clarify, the trial court awarded $1525 for the security deposit, $172 for court costs, and $10,973 in attorney fees.

Notwithstanding Richardson's claim, Marion County Rule LR49-TR79.1-228(A) provides that one defendant may appeal a judgment without joining the other defendants. More particularly, this section provides that

> A cause of action which comes to the Marion Superior Court from the Small Claims Courts of Marion County for either jury trial or appeal shall be repled in its entirety commencing with the plaintiff below filing a new Complaint in compliance with the Indiana Rules of Trial Procedure. The new Complaint shall be filed within 20 days of the date the case is docketed and filed in the Marion Superior Court or as otherwise ordered by the Court. Failure to comply with this rule shall result in the Court imposing sanctions which may include dismissal or default where appropriate.

Marion LR49-TR79.1-228(C)(1) provides that the plaintiff may add new parties when he repleads the complaint. Specifically:

> The following rules shall govern all appeals from the Marion County Small Claims Courts to the Marion Superior Court.

> (1) Any party may appeal from the judgment of the Marion County Small Claims Court to the Marion Superior Court, within sixty days from its entry; and when there are two or more plaintiffs or defendants, one or more of such plaintiffs or defendants may appeal without joining the others in such appeal or plaintiff may add new parties at the time he repleads his Complaint in accordance with the Indiana Rules of Trial Procedure.

In this case, Richardson named Armstrong, Postell, Postell, and Barnes as defendants in the complaint that he filed in the trial court. In construing the rules above, Richardson properly added them as parties to the action. Also, Richardson erroneously states that the remaining defendants failed to appear pro se at any time prior to May 2013. Only Armstrong appeared telephonically at the first hearing. The second hearing was

6

then continued multiple times at Richardson's request. However, one of the Postells and Barnes appeared at the second hearing, at which Richardson failed to appear.

Thereafter, Richardson acted as if all of the other individuals were properly-named defendants in this action, serving discovery requests, and filing subsequent motions requesting the trial court to issue orders that pertained to them. Id. at 2-3. Richardson ignores the fact that he included the other three individuals and requested that damages be entered against them in the subsequent complaint. Appellant's App. p. 15-18. By doing so, Richardson added them as parties to this action, thus rendering the trial court's consideration of the case as it pertained to the Postells and Barnes appropriate. Consequently, the trial court properly issued an order dismissing Richardson's complaint against Armstrong and the others. In short, Richardson added the Postells and Barnes as defendants in the matter, and the trial court properly considered the case against them.

### B. Security Deposit

Richardson argues that he properly filed proof in the small claims court that he sent adequate notice to Armstrong in the small claims court proceedings, stating that he intended to retain the security deposit. As a result, Richardson claims that the trial court did not properly afford him the opportunity to add the document to the record in the subsequent trial court proceedings. Richardson argues that the trial court should have taken judicial notice of the document from the small claims court or permitted him to reopen the case so that the document could be added.

7

Put another way, Richardson asserts that he allegedly submitted evidence of written itemized notice required by Indiana Code section 32-31-3-14 in the small claims court proceedings. And because the small claims court forwarded its record to the trial court, it was obligated to take judicial notice of this evidence and find that he did provide Armstrong, the Postells, and Barnes with this required notice, even though he did not present this evidence at the trial court level. Appellant's Br. p. 16-17.

Notwithstanding these contentions, Richardson points to no authority in support of this proposition and simply posits that "every opportunity should be afforded the landlord to meet this low burden. If this requires taking judicial notice of a document filed before a court not of record, or allowing the plaintiff the opportunity to enter new evidence then a court should do so." Appellant's App. p. 16. Richardson further notes that "any document filed in a Marion County Small Claims Court is presumed to be available to the Superior Court." Id. at 15.

In our view, if the trial court were to consider evidence that was only presented in the small claims court, the rules of evidence that apply in the superior courts would be circumvented. Moreover, we cannot say that the availability of the document is dispositive of this issue. Indeed, Richardson was afforded the opportunity to present this evidence to the trial court and he failed to do so.

Richardson also claims that the issue is not "whether Richardson sent an itemized list to Armstrong and the other defendants within the proper timeframe, but whether coun[sel] for the Plaintiff provided enough evidence to the Superior Court that an

itemized list was provided." Id. at 16. However, the method and time frame for delivery of this notice is very much an issue that courts will consider when determining whether a landlord is entitled to retain a security deposit and recover for damages to the property. Ind. Code § 32-31-3-14. More particularly, as discussed in footnote two, this section specifically provides for the method and time frame for delivery of this notice.

In this instance, Richardson presented no evidence that he mailed an itemized list of damages to Armstrong and the others within forty-five days of their vacating the premises either in the small claims court or in the trial court. Because Richardson did not present any evidence that he provided this itemized written notice to Armstrong, the Postells, and Barnes within forty-five days of their vacating the property, he was not entitled to retain their security deposit and recover damages to the property. Id. at 10.

### C. Dismissal of Damage Claims

Richardson maintains that the trial court erred in dismissing all of the claims he raised against Armstrong. Richardson argues that even if he failed to present adequate notice of his intent to retain the security deposit, this lack of notice only prevented arguments that pertained to physical damages to the property. Thus, Richardson argues that the trial court improperly dismissed his remaining non-physical claims against Armstrong.

We note that pursuant to Indiana Code section 32-31-3-14, a landlord who fails to comply with this statute forfeits all claims for damages to the property and the recovery of attorney fees. Klotz v. Hoyt, 900 N.E.2d 1, 7 (Ind. 2009). Notwithstanding this

9

proposition, Richardson argues that the trial court erred in not holding a damages hearing to determine his damages that were non-physical, including Armstrong's failure to cut the grass and the effect of installing shelving. However, we find that the trial court did not err because Richardson was afforded an opportunity to respond to Armstrong's motion to reconsider and failed to do so. Furthermore, Richardson did not present any evidence of the non-physical damages that he alleged during the presentation of his case during trial. In other words, Richardson may not recover damages that he never presented or established.

Finally, we note that the costs that Richardson incurred in the small claims court are attorney fees and the filing fee. The attorney fees are not recoverable because Richardson did not provide evidence showing that he sent Armstrong the required written itemized notice in compliance with Indiana Code section 32-31-3-14. Id. at 7. Also, Richardson may not recover the small claims filing fee because the small claims court dismissed his eviction complaint in those proceedings.

### D. Attorney Fees

Richardson argues that the trial court erred in awarding Armstrong their attorney fees. More particularly, Richardson claims that he was denied the opportunity to challenge the reasonableness of the award.

In addressing this contention, we note that an attorney fee award is to be reviewed for an abuse of discretion. Brown v. Brown, 776 N.E.2d 394, 397 (Ind. Ct. App. 2002). The trial court has broad discretion in awarding attorney fees, and an award of fees will

only be reversed if it is clearly against the logic and effect of the facts and circumstances in the case. Id. Richardson claims that the trial court erred in awarding Armstrong the entire amount of the attorney fees he requested because the trial court did not conduct a hearing with regard to the reasonableness of the fees. Appellant's Br. p. 20-21.

As noted above, prior to awarding attorney fees to Armstrong, the trial court ordered Richardson to respond to the motion to reconsider that specifically included the attorney fee affidavit attached to the motion. Richardson did not respond to the motion or the attorney fee affidavit. Id. at 67. Hence, we cannot say that the trial court erred in awarding Armstrong the full amount of attorney fees that they desired.

We additionally note that pendency of this matter lasted for nearly two years, had proceeded through the small claims court, and was well into litigation in the trial court. Appellant's Br. p. 20. Armstrong's counsel had to review the court records in both cases, and there were extensive discovery requests from Richardson regarding each of the four clients. CCS p. 4-5.

Counsel entered an appearance in May and had two months to prepare for a bench trial. Id. at 5. Counsel obtained a reversal of the small claims court's ruling in Armstrong's favor, with the added term that Richardson bear the costs of the litigation expenses. Appellant's App. p. 10-11. While the billing rate in this case was an average rate for the location for these services, and Richardson suggests that his billing rate was "at the lower end of the scale in this market," it was the same as Armstrong's counsel's rate. Id. at 60.

11

Although the amount in controversy may have been somewhat marginal in the beginning, Richardson substantially increased the amount of the small claims award when he garnished Armstrong's bank account for the total award of $2165, rather than the $640 that was actually outstanding in accordance with the order. Richardson then refused to replace the funds, leaving Armstrong no choice but to initiate an appeal in the trial court to recover the funds. Also, by the time that the trial court conducted the bench trial, the requested amount for attorney fees had increased to over $6,003 in addition to $2,065 for damages to the property for a total of over $8,000. Id. at 93, 106. It is readily apparent that Richardson has not considered the hours that have been spent by Armstrong's counsel in the attempts to resolve discovery disputes and filing motions to compel based on Richardson's lack of response to these requests and the unwillingness to comply with the trial court's orders.

Finally, as noted above, the trial court provided Richardson with an opportunity to challenge the reasonableness of the attorney fees awarded when he could have responded to the motion to reconsider the ruling and the attached attorney fee affidavit. However, Richardson did not respond, and only then did the trial court award Armstrong the entire attorney fee request. Thus, Richardson's arguments fail, and the trial court properly awarded Armstrong the amount of attorney fees that were requested.

CONCLUSION

In light of our discussion above, we conclude that the trial court did not err in dismissing Richardson's complaint, and it was within the trial court's discretion to enter

orders pertaining to all of the defendants, including dismissal of Richardson's complaint against them. Richardson also did not request to reopen his case to present additional evidence until after Armstrong had requested a judgment on the evidence, particularly in light of Richardson's failure to present a written itemized notice pursuant to Indiana Code section 32-31-3-14.

Additionally, the trial court did not err in refusing to award Richardson any non-physical damages to the property, and Richardson was not entitled to attorney fees or court costs. Finally, we conclude that the trial court properly awarded attorney fees to Armstrong in light of Richardson's failure to timely challenge those fees.

The judgment of the trial court is affirmed.

BARNES, J., and CRONE, J., concur.